[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10261
Non-Argument Calendar

_____

Agency Nos. A79-492-745
A79-492-746

HENRY RODRIGUEZ PRECIADO,
MARTHA LUCIA PALACIO SERNA,
LENA VANESSA RODRIGUEZ PALACIO,
LAURA MARIA RODRIGUEZ PALACIO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 9, 2008)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Henry Rodriguez Preciado ("Rodriguez") and his family[1] seek review of a final order by the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c).  Rodriguez argues that he established that he had a well-founded fear of persecution from the Revolutionary Armed Forces of Colombia ("FARC") based on his membership in a particular social group and his political opinion.[2]  Additionally, Rodriguez maintains that he was entitled to CAT relief because there was "quasi-governmental acquiescence or unwillingness to control" the FARC.

"We review only the [BIA]'s decision, except to the extent that it expressly adopts the IJ's opinion."  Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

---

[1]Although Rodriguez's wife and two children are also named as petitioners, their claims for asylum are based on derivative status.  Accordingly, the petitioners will be collectively referred to as "Rodriguez."  Furthermore, unlike the asylum statute, the withholding of removal statute does not provide for derivative claims.  8 U.S.C. §§ 1158 and 1231; Delgado v. U.S. Att'y Gen., 487 F.3d 885, 862 (11th Cir. 2007).

[2] Rodriguez seeks to support his appeal with copies of documents not submitted to either the IJ or the BIA.  Under Fed. R. App. P. 16(a), "[t]he record on review or enforcement of an agency order consists of: (1) the order involved; (2) any findings or report on which it is based; and (3) the pleadings, evidence, and other parts of the proceedings before the agency."  As such, we have held that we "cannot find, or consider, facts not raised in the administrative forum." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004).  Therefore, because the new documents Rodriguez submits on appeal were not presented to either the IJ or BIA, we will not consider them.  See id.; Fed. R. App. P. 16(a).

In this case, we review only the BIA's decision because the BIA wrote a separate opinion affirming, but not adopting, the IJ's opinion. See Najjar, 257 F.3d at 1284.

We review the BIA's legal conclusions de novo and the BIA's factual findings under the substantial evidence test. Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc); Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001). "Under the substantial evidence test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi, 386 F.3d at 1027. Therefore, the fact that evidence in the record may support a conclusion contrary to the administrative findings is not enough to justify a reversal. Rather, reversal is only appropriate where the record "compels" it. Id.

In this case, the factual record does not compel us to reverse the BIA's decision. Substantial evidence supports the BIA's conclusion that the FARC's actions towards Rodriguez were only its attempt to extort money to fund its anti-government activities and were not on account of a protected ground. In essence, the FARC detained Rodriguez twice and, each time, demanded that he make a financial contribution to them.[3]

---

[3] We have held that persecution arising from a petitioner's refusal to cooperate with guerrillas and provide them with financial support does not establish the required nexus between the persecution and the petitioner's political opinion. Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004).

Rodriguez did not raise any claim before the BIA relating to the IJ's denial of his application for CAT relief. Therefore, we do not have jurisdiction over the denial of his application for CAT relief because Rodriguez failed to exhaust his administrative remedies as to that claim. Accordingly, we will not address his claim that the BIA erred in affirming the IJ's denial of his application for CAT relief.

**PETITION DENIED.**